Jim **STINNETT**, Appellant,

v.

**WILLIAMSON COUNTY SHERIFF'S DEPARTMENT and Williamson County, Appellees.**

No. 3–92–458–CV.

Court of Appeals of Texas, Austin.

July 7, 1993.

Rehearing Overruled Aug. 25, 1993.

Robert J. Thomas, Combined Law Enforcement Associations of Texas, Houston, for appellant.

Jan P. Patterson, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

CARROLL, Chief Justice.

Jim Stinnett appeals from an order sustaining special exceptions to his pleadings and dismissing his cause of action for retaliatory termination, with prejudice to its refiling. We will affirm the trial court's judgment.

From June 1983, Stinnett was employed as a patrol officer with the Williamson County Sheriff's Department (the "Department"). During his tenure, Stinnett had filed a sworn complaint with the Texas Commission on Human Rights (the "Commission") alleging the Department had discriminated against him on the basis of age. On or about June 27, 1992, the Department terminated Stinnett's employment. Stinnett then brought this suit in the district court of Travis County alleging a single cause of action for retaliatory dismissal under the "Whistleblower Act," Tex.Rev. Civ.Stat.Ann. art. 6252–16a (West Supp. 1993).

The Department initially challenged the venue in Travis County and then filed special exceptions to Stinnett's pleadings. The district court found that Stinnett had failed to state a cause of action, sustained the special exceptions, and ordered Stinnett to amend his petition within thirty days. After Stinnett filed amended pleadings, the Department again urged its special exceptions, and the district court heard additional argument. The district court found that Stinnett's amended pleading did not state a cause of action under the Whistleblower Act and that further amendment of the pleadings would be futile. The court sustained the special exceptions and dismissed the cause. Stinnett appeals and urges three points of error. We will discuss the points of error together as they present a single interwoven argument—that, under the facts of this case, Stinnett could maintain a cause of action under the Whistleblower Act, and that the trial court erred in granting the special exceptions and dismissing the cause.

If the trial court sustains a party's special exceptions, the opposing party must be given an opportunity to amend its petition before the case is dismissed. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983). If the defect in the pleadings is not cured after amendment, the trial court may dismiss the case. *Id.; Russell v. Texas Dep't of Human Resources*, 746 S.W.2d 510, 512–13 (Tex.App.—Texarkana 1988, writ denied). In reviewing an order of dismissal on special exceptions, we must accept as true all the factual allegations set out in the challenged pleading. *Jacobs v. Cude*, 641 S.W.2d 258, 261 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

A special exception may serve several functions: "First, it may question the sufficiency in law of the plaintiff's alleged claims; secondly, it may present dilatory matters shown on the face of the pleadings; and thirdly, it may indicate formal defects in particular allegations." *Brown v. Hawes*, 764 S.W.2d 855, 856 (Tex.App.—Austin 1989, no writ).

In the immediate cause, we are presented with the first situation. By its special exceptions, the Department challenged the sufficiency in law of Stinnett's alleged claim under the Whistleblower Act. The essential factual allegations are well understood from the pleadings. The only issue is whether Stinnett can maintain a cause of action under the Whistleblower Act. The special exception is a proper procedure to challenge the plaintiff's failure to state a cause of action. *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, no writ).

The basis of the Department's special exceptions was that Stinnett's exclusive remedy for age discrimination was an administrative proceeding pursuant to the Commission on Human Rights Act, Tex. Rev.Civ.Stat.Ann. art. 5221k (West 1987 & Supp.1993) (the "Human Rights Act"). The Department urged that Stinnett should not be able to "bootstrap" his ordinary employment-discrimination dispute into a claim under the Whistleblower Act which provides more advantageous remedy and special venue provisions. The district court apparently agreed and dismissed Stinnett's suit. We agree, as well.

Traditionally, the Whistleblower Act has been applied to public employees who are fired in retaliation for reporting their employer's violations of law that are detrimental to *the public good or society in general*. See, e.g., *Johnston v. Del Mar Distrib. Co., Inc.*, 776 S.W.2d 768 (Tex.App.—Corpus Christi 1989, writ denied) (violation of federal firearms regulation); *City of Ingleside v. Kneuper*, 768 S.W.2d 451, 453 (Tex. App.—Austin 1989, writ denied) (building inspector corruption); *Travis County v. Colunga*, 753 S.W.2d 716 (Tex.App.—Austin 1988, writ denied) (hazardous chemical misuse); *City of Brownsville v. Pena*, 716 S.W.2d 677, 680 (Tex.App.—Corpus Christi 1986, no writ) (misuse of public funds). Whistleblowing has been defined as "the act of a man or woman who, believing the public interest overrides the interest of the organization he serves, publicly 'blows the whistle' if the organization is involved in corrupt, illegal, fraudulent, or harmful activity." *Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723, 727 (Tex. 1990) (Doggett, J., concurring). In this instance, however, we are faced with an alleged violation of law that was detrimental to only one employee, Stinnett.

The Whistleblower Act uses broad language to bar retaliatory action against a "public employee who reports *a violation of law* to an appropriate law enforcement authority if the report is made in good faith." Whistleblower Act § 2 (emphasis added). Moreover, the Whistleblower Act is remedial in nature and must be liberally construed. *Castaneda v. Texas Dep't of Agric.*, 831 S.W.2d 501, 503 (Tex.App.—Corpus Christi 1992, writ denied).

Stinnett pleaded that he reported a violation of law, age discrimination in violation of the Human Rights Act, to an appropriate law enforcement agency, the Commission, in good faith and was subsequently discharged in retaliation for his complaint. For the purposes of this review, we assume these allegations are true. *Jacobs*, 641 S.W.2d at 261.

Generally, a specific statute will control over a statute of more general application. *Ex parte Harrell*, 542 S.W.2d 169, 172 (Tex.1976); *Texas Water Comm'n v. Acker*, 774 S.W.2d 270, 273 (Tex.App.— Austin 1989), *aff'd*, 790 S.W.2d 299 (Tex. 1990). The parties join issue as to which of the two statutes is more specific to these facts. The Department urges that the Human Rights Act is more specific because it provides relief specifically for age discrimination. Stinnett argues that the Whistle-blower Act is more specific because it provides recourse for retaliatory firing of public employees. The Human Rights Act, however, also provides a cause of action for retaliation. Section 5.05(a) of the Human Rights Act specifically prohibits retaliatory action against an employee who files a complaint with the Commission. Thus, firing an employee in retaliation for a complaint is as much a violation of the Human Rights Act as the complained-of discriminatory action. Stinnett complained of no wrongdoing or violation of law other than violations of the Human Rights Act. We conclude that on the immediate facts, the Human Rights Act is the more specific statute and that its terms should control.

After an extensive discussion of the purposes of the Human Rights Act, the Texas Supreme Court has held that filing a complaint with the Commission and exhausting administrative remedies are mandatory prerequisites to filing a civil action alleging violation of the Human Rights Act. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex.1991); *see also Green v. Aluminum Co. of Am.*, 760 S.W.2d 378, 380 (Tex.App.—Austin 1988, no writ).

In interpreting the Human Rights Act, it is proper to look to interpretation of parallel federal laws, Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. (West 1981 & Supp.1993), and the Age Discrimination in Employment Act, 29 U.S.C.A. § 621–634 (West 1985 & Supp. 1993). *City of Austin v. Gifford*, 824 S.W.2d 735, 739 (Tex.App.—Austin 1992, no writ); *Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 72 (Tex.App.—Austin 1990, no writ).

The Age Discrimination in Employment Act imposes an exhaustion-of-administrative-remedies requirement. 29 U.S.C.A. § 626(d) (West 1985). This Act has also been found to be the exclusive remedy for age discrimination in the federal context. *Paterson v. Weinberger*, 644 F.2d 521, 524–25 (5th Cir.1981); *see also Zombro v. Baltimore City Police Dept.*, 868 F.2d 1364 (4th Cir.1989). Similarly, a party must exhaust administrative remedies before a civil action may be brought under Title VII. *Schroeder*, 813 S.W.2d at 487.

The purposes of the Human Rights Act are (1) "to provide for the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964 ... and to create" a state deferral agency pursuant to section 2000e–5(c) of the Civil Rights Act and section 633 of the Age Discrimination in Employment Act; and (2) "to secure for persons within the state ... freedom from discrimination ... concerning employment." Human Rights Act § 1.02. The Human Rights Act set up the Commission as the state "deferral agency" to investigate and resolve employment-discrimination claims. If a state has enacted antidiscrimination laws and created an agency to process claims thereunder, the Equal Employment Opportunity Commission must defer to the state agency for sixty days to allow investigation and resolution at the state level. 42 U.S.C.A. § 2000e–5(c) (West 1981); 29 U.S.C.A. § 633 (West 1985); *Schroeder*, 813 S.W.2d at 485.

Stinnett argues that he may pursue an action under either the Whistleblower Act or the Human Rights Act. He cites language in section 6.01(a) of the Human Rights Act that an employee "may file" a complaint with the Commission as meaning the pursuit of administrative remedies is optional. He also cites the language in section 6.01(f) as recognizing civil actions under other statutes. The Texas Supreme Court rejected these arguments in *Schroeder* and concluded that filing a complaint and exhausting administrative remedies were jurisdictional prerequisites to filing a civil claim under the Human Rights Act. *Id.* at 486–87.

In *Schroeder*, the court was influenced by the underlying policy of Title VII to use administrative procedures to promote conciliation and persuasion rather than litigation. *Id.* at 487. Just as this goal is promoted by requiring the exhaustion of administrative remedies before filing a civil suit, it is furthered by placing the exclusive forum for resolution of violations of the Human Rights Act in the Commission.

■ The Human Rights Act created a comprehensive administrative review system to accomplish its purposes. *Schroeder*, 813 S.W.2d at 485–86. We conclude that by providing a remedy for retaliation in the Human Rights Act, the legislature intended to create an exclusive remedy under the terms of that statute.

We conclude that Stinnett has failed to allege facts that would entitle him to sue under the Whistleblower Act. We also conclude that the Human Rights Act provides the exclusive remedy for retaliation for reported age discrimination. We overrule Stinnett's points of error.

We affirm the judgment of the trial court.