Kamala JONES and Deborah Gardner, Appellants,

v.

CITY OF STEPHENVILLE, Appellee.

No. 11–93–360–CV.

Court of Appeals of Texas, Eastland.

Feb. 9, 1995.

Order Overruling Motion for Partial Rehearing March 23, 1995.

R. John Cullar, Mills Millar Matkin & Cullar, Waco, James J. Elliott, Stephenville, for appellants.

Amy Nickell Jacobs, Bettye S. Springer, Haynes & Boone, Fort Worth, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD*, C.J., Retired.

McCLOUD, Chief Justice, Retired.

Plaintiffs, Kamala Jones and Deborah Gardner, sued their employer, the City of Stephenville, alleging retaliatory dismissal under the Texas Whistleblower Act[1] and under TEX. CONST. art. I, §§ 19 and 27. The trial court granted the City's special exceptions and dismissed the plaintiffs' causes of action with prejudice. We affirm in part and reverse and remand in part.

Plaintiffs alleged in their original petition that, while working for the City in the police department, they reported to an appropriate law enforcement authority that the chief of police had violated rules adopted under a statute or ordinance. Plaintiffs further alleged that they were members of the Board of Directors of the Stephenville Police Association and that, on June 5, 1992, the Stephenville Police Association acted upon ap-

proval of the Board and filed a grievance with the City detailing the alleged violations by the chief of police. On July 6, 1992, the chief of police terminated plaintiffs' employment. Plaintiffs alleged that the City's acts of discrimination and termination violated their rights under the Whistleblower Act and the Texas Constitution and sought actual and punitive damages.

The City filed special exceptions urging that the City had sovereign immunity from the Texas constitutional violation claims and that Texas does not recognize a "constitutional tort." The trial court sustained the special exceptions challenging the constitutional claims and dismissed with prejudice those causes of action. As to the causes of action under the Whistleblower Act, the City specially excepted to plaintiffs' failure to allege what specific violation of law the plaintiffs reported and to plaintiffs' failure to identify the appropriate law enforcement authority to which plaintiffs reported the alleged violations by the chief of police. The City requested the court to order plaintiffs to replead and state their claims with specificity. The trial court sustained the special exceptions and ordered plaintiffs to replead within 15 days. Plaintiffs amended their petition alleging that they reported to Joyce Goodman, the City Personnel Director, and that the chief of police had violated "Section 2.18" of the Employee Handbook of the City of Stephenville. The City again filed special exceptions asserting that plaintiffs could not bring suit under the Whistleblower Act. The trial court sustained the special exceptions and dismissed plaintiffs' Whistleblower causes of action with prejudice.

Plaintiffs contend in their first, second, and third points of error that the trial court should have permitted them to amend their pleadings and that they properly alleged causes of action under the Whistleblower Act. The Texas Whistleblower Act provides in part:

A state agency or local government may not suspend or terminate the employment of or discriminate against a public employ-

---

* Court of Appeals, Eastland, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

[1]. TEX.REV.CIV.STAT.ANN. art. 6252–16a was repealed by the 73rd Leg., ch. 268, § 46(1), eff.

Sept. 1, 1993, and replaced without substantive changes by TEX. GOV'T CODE ANN. § 554.001 et seq. (Vernon 1994).

ee who in good faith reports a violation of law to an appropriate law enforcement authority.

TEX.GOV'T CODE ANN. § 554.002 (Vernon 1994).[2] A rule adopted under a statute or ordinance is specifically defined as "law" under TEX.GOV'T CODE ANN. § 554.001 (Vernon 1994).[3]

■ As a general rule, the opposing party must be given an opportunity to amend if the trial court sustains special exceptions. *Massey v. Armco Steel Company,* 652 S.W.2d 932 (Tex.1983). The City, however, argues that plaintiffs pleaded facts which affirmatively negated their causes of action. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974). We disagree.

■ We agree with the City that we should take judicial notice of Section 2.18 of the Employee Handbook. TEX.R.CIV. EVID. 201; *International Association of Firefighters Local 624 v. City of San Antonio,* 822 S.W.2d 122, 127 (Tex.App.—San Antonio 1991, writ den'd). Section 2.18 is entitled "POLICY ON HARASSMENT" and states that the City will make every effort to provide a work environment free from all forms of harassment. Section 2.18 further provides that:

> Harassment in the workplace is illegal, it discriminates on the basis of sex, race, ethnic, handicap or religion, and subjects employees to conditions and actions that have nothing to do with job performance or job qualifications. Harassment violates Title VII of the Federal Civil Rights Act of 1964, Texas Commission on Human Rights Act, and is a criminal offense under the Texas Penal Code.

The section contains definitions of "Sexual Harassment," "Ethnic/Racial Harassment," and "Religious Harassment." A procedure for reporting cases of harassment is established, and there are detailed procedures for the investigation of complaints as well as provisions for a formal hearing.

The City cites *Stinnett v. Williamson County Sheriff's Department,* 858 S.W.2d 573 (Tex.App.—Austin 1993, writ den'd), and argues that retaliation for a report of a violation of Section 2.18, "harassment made unlawful by Title VII and the Texas Commission on Human Rights Act," cannot be remedied by the Whistleblower Act. We think that *Stinnett* is distinguishable.

The question in *Stinnett* was which statute, the Whistleblower Act or the Commission on Human Rights Act,[4] was more specific. In *Stinnett,* the terminated employee had previously filed an age discrimination claim with the Texas Commission on Human Rights. After being terminated, the employee filed a "retaliatory dismissal" cause of action under the Whistleblower Act. The court noted that Section 5.05(a) of the Human Rights Act specifically prohibited a retaliatory action against an employee who filed a "complaint with the Commission." The court observed that the employee complained of no "wrongdoing or violation of law other than violations of the Human Rights Act." The Austin Court held that, under the facts in *Stinnett,* the Human Rights Act was the more specific statute and that its terms should control.

It is clear from former Section 5.05 of Article 5221k that it was unlawful for an employer to "retaliate" against a person who had opposed a "discriminatory practice" under the "Act."[5] In this case, the plaintiffs did not oppose a discriminatory practice under the Human Rights Act; they opposed harassment or discriminatory acts under Section 2.18 of the City's Employee Handbook. Plaintiffs reported the violation of a "rule adopted under a statute or ordinance." Plaintiffs did not allege that they were actual victims of discrimination or harassment.

---

**2.** Formerly TEX.REV.CIV.STAT.ANN. art. 6252–16a, § 2.

**3.** Formerly TEX.REV.CIV.STAT.ANN. art. 6252–16a, § 1(1).

**4.** The Commission on Human Rights Act, TEX. REV.CIV.STAT.ANN. art. 5221k et seq. was re-

pealed by the 73rd Leg., ch. 269, § 5(1), eff. Sept. 1, 1993. The subject, with major changes, is now found in Chapter 21 of the Texas Labor Code.

**5.** Now codified at TEX.LABOR CODE ANN. § 21.055 (Vernon Pamph.1995).

We do not think that *Bigge v. Albertsons, Inc.*, 894 F.2d 1497 (11th Cir.1990), cited by the City, is controlling. In *Bigge*, the court held that a terminated employee could sue his former employer under "Title VII of the Civil Rights Act of 1964" if he could prove that he opposed an unlawful employment practice which he reasonably believed had occurred or was occurring. The court specifically held that the employee was not required to prove that the employer had in fact discriminated against the employee. The question in *Bigge* was whether the employee had proved a cause of action under Title VII of the Civil Rights Act. The issue was not whether the Federal Civil Rights Act or a whistleblower act was the more specific statute under the facts of that case. Our Supreme Court in *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex.1991), an age discrimination case, held that the exhaustion of the statutory administrative remedies was a mandatory prerequisite to filing a civil action alleging a violation of the Texas Commission on Human Rights Act. The court expressly noted that the discharged employee's claim was based on the Texas Commission on Human Rights Act.

■ The discharged employees in the present case alleged a violation of the Texas Whistleblower Act. They never filed, as had the discharged employee in *Stinnett*, a complaint with the Texas Commission on Human Rights urging a violation of the Texas Commission on Human Rights Act. Under the facts of this case, the Whistleblower Act is the more specific statute; and the trial court erred in dismissing plaintiffs' properly pleaded whistleblower causes of action.

■ In their fourth point of error, the plaintiffs urge that the court erred in dismissing with prejudice their alleged causes of action under the Texas Constitution. Plaintiffs cite *City of Beaumont v. Bouillion*, 873 S.W.2d 425 (Tex.App.—Beaumont 1993, writ granted), which concluded that "an independent constitutional tort or cause of action exists under our constitution" and that our state constitution "constitutes a preclusion of governmental immunity." In *Tutt v. City of Abilene*, 877 S.W.2d 86 (Tex.App.—Eastland 1994, writ pending), this court disagreed with *Bouillion* stating:

> There is no self-operative creation of a constitutional tort liability which would waive the long-standing common law immunity for the City's exercise of its governmental function.

The trial court correctly dismissed with prejudice plaintiffs' claims under the Texas Constitution.

The judgment of the trial court dismissing plaintiffs' claims under the Texas Constitution is affirmed. That portion of the trial court's judgment dismissing plaintiffs' claims under the Texas Whistleblower Act is reversed, and those causes of action are remanded.

### On Plaintiffs' Motion for Partial Rehearing

In our original opinion, we disagreed with the Beaumont Court of Appeals' decision in *City of Beaumont v. Bouillion*, supra. After our opinion, the supreme court reversed *Bouillion* and held that there is "no implied private right of action for *damages* [arising] under the Texas Constitution." (Emphasis added) *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex.1995). However, the supreme court recognized that suits for "equitable" remedies such as "injunctive relief" for violation of constitutional rights are not prohibited.

On motion for partial rehearing, plaintiffs contend that they properly sought equitable remedies. We disagree. Plaintiffs alleged in their petition that:

> Due to the discriminatory, illegal and unconstitutional actions of Defendant, Plaintiffs have suffered lost pay and benefits, mental anguish, and out-of-pocket expenses in excess of the minimum jurisdictional limits of this Court.

Plaintiffs further alleged that:

> [T]he actions of Defendant, and its officers and agents, relative to the discharge of Plaintiffs were willful, wanton and intentional acts and/or were taken with reckless

disregard or conscious indifference to Plaintiffs' rights as public employees of Defendant CITY. Therefore, Plaintiffs claim that exemplary damages should also be assessed against Defendant as a result of such conduct.

Plaintiffs clearly sought only "damages" for their alleged constitutional violations. In their prayer, plaintiffs demanded judgment against the defendant for "actual and punitive damages." We hold that the general language in their prayer that they also sought "such other relief, at law or in equity" to which they might be entitled is insufficient to constitute a proper request for "equitable protection" under a constitutional violation claim. See *Kissman v. Bendix Home Systems,* 587 S.W.2d 675 (Tex.1979).

Plaintiffs' motion for partial rehearing is overruled.