Edward L. LEE, Appellant,

v.

PALO PINTO COUNTY, Texas, Appellee.

No. 11–97–046–CV.

Court of Appeals of Texas,
Eastland.

Feb. 26, 1998.

H. Dustin Fillmore, III, The Fillmore Law Firm, P.C., Fort Worth, for appellant.

Bob Bass, Allison & Associates, Austin, for appellee.

Before DICKENSON and WRIGHT, JJ., and McCLOUD, Senior Justice.*

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

Edward L. Lee, assistant jail administrator, sued Palo Pinto County under the Texas Whistleblower Act, TEX. GOV'T CODE ANN. § 554.001 et seq. (Vernon 1994 & Supp.1998), alleging that he was discharged because he reported that his supervisor committed illegal conduct. The trial court granted the County's motion for summary judgment. Lee appeals. We reverse and remand.

Lee contends in his first point of error that the trial court erred in hearing the County's oral motion to strike Lee's written response to the County's motion for summary judgment because Lee was not timely and properly given notice of such motion or hearing. In his second point of error, Lee urges that the trial court erred in striking his response because his response was timely and properly filed and served on the County's attorney.

TEX.R.CIV.P. 21 requires that every pleading, plea, motion, or application to the court for an order, unless presented during a hearing or trial, shall be in writing and filed with the clerk. The rule further provides that notice of any hearing on such written request shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by the rules or shortened by the court.

█ The record reflects that the County presented its oral motion to strike Lee's response on the day set for the summary judgment hearing when the trial court was hearing "preliminary matters *before* we get to the motion for summary judgment." (Emphasis added) This was not an oral motion "presented during a hearing or trial." Lee properly objected to the oral motion and asked for a continuance. The County failed to comply with the requirements of Rule 21.

The County urged in its oral motion that Lee had not timely served the County's attorney with a copy of his response. TEX. R.CIV.P. 166a(c) provides: "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."

█ The summary judgment hearing was set for December 4, 1996. Lee's response was filed with the court on November 26, 1996, 8 days before the date set for the hearing. Thus, the response was filed with the court prior to the required seven days before the hearing. Lee's attorney mailed a copy of Lee's response to the County's attorney on November 26, 1996; however, the copy was not received by the County's attorney until December 2, 1996, 2 days before the hearing. The County cites *Lewis v. Blake*, 876 S.W.2d 314 (Tex.1994), and Rule 21a to support the trial court's dismissal of Lee's response. Rule 21a provides in part:

> Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon (sic) by mail or by telephonic document transfer, three days shall be added to the prescribed period.

█ The County argues that, since Lee's attorney served a copy of his response by mail, Lee was required to mail a copy of his response to the County at least ten days before December 4, the date of the hearing. We disagree. The court in *Lewis* held:

> The effect of Rule 21a is to require that a summary judgment motion served by mail be served at least 24 days before the hearing. The phrase "at least" in Rule 166a(c) means that no fewer than 24 days must intervene between the day the motion is mailed and the day of hearing; in other words, the hearing cannot be held before the 25th day after the day the motion is mailed.

The *Lewis* Court was construing the language in Rule 166a that expressly provides for the notice of the hearing date. The court observed that the rule provides for "minimum notice of the hearing." We are not concerned with the expressed minimum notice requirement discussed in *Lewis*. The issue here is that part of Rule 166a(c) which controls the time limits relating to the filing and serving of opposing affidavits and written response. The County was not "required to do some act within a prescribed period

after the service of a notice." Therefore, Rule 21a does not require that three days "shall be added to the prescribed period."

We sustain Lee's first and second points of error and hold that the court erred in striking Lee's written response to the County's motion for summary judgment.

The trial court stated its reason for granting the County's motion for summary judgment:

Upon consideration of the Defendant's Motion for Summary Judgment and all evidence related thereto, together with the Plaintiff's pleadings on file herein and the argument of counsel, the Court is of the opinion that the Defendant's Motion for Summary Judgment should be GRANTED for the reason that Plaintiff's attempted cause of action under the Texas Whistleblower Act is subsumed by the Commission on Human Rights Act, Chapter 21 of the Texas Labor Code.

The County argues that its motion for summary judgment was proper because Lee had no claim under the Texas Whistleblower Act. We disagree.

Lee alleged in his petition:

Prior to January 1995, Plaintiff reported, in good faith and to appropriate authorities, *illegal conduct,* including illegal racially discriminatory conduct, committed by his supervisor B.H. "Tiny" Gilstrap, Jail Administrator of the Palo Pinto County Jail. Thereafter, Defendant retaliated against Plaintiff for reporting such illegal conduct by discharging him. (Emphasis added)

The County filed special exceptions challenging Lee's pleadings. The County urged in its special exceptions that Lee should be required to plead facts sufficient to demonstrate "[t]he nature of any alleged violation of law." The special exceptions were never ruled upon by the court. The County cites, among other cases, *Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490 (Tex.1996); *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485–86 (Tex.1991); *Vincent v. West Texas State University,* 895 S.W.2d 469 (Tex.App.—Amarillo 1995, no writ); and

*Stinnett v. Williamson County Sheriff's Department,* 858 S.W.2d 573 (Tex.App.—Austin 1993, writ den'd), to support the trial court's ruling that the "Texas Whistleblower Act is subsumed by the Commission on Human Rights Act." The cases are distinguishable.

This court distinguished *Stinnett* in *Jones v. City of Stephenville,* 896 S.W.2d 574 (Tex. App.—Eastland 1995, no writ). The question in *Stinnett* was which statute, the Whistleblower Act or the Commission on Human Rights Act,[1] was more specific. The *Stinnett* court held that, under the facts in *Stinnett,* the Commission on Human Rights Act was the more specific statute and that its terms should apply. In *Jones,* we pointed out that the terminated employee in *Stinnett* had previously filed an age discrimination claim with the Texas Commission on Human Rights. After being terminated, the employee filed a "retaliatory dismissal" cause of action under the Whistleblower Act. Section 21.055 of the Texas Labor Code specifically prohibits retaliation against a person who files a complaint. The *Stinnett* court observed that the employee complained of no "wrongdoing or violation of law other than violations of the Human Rights Act." We pointed out in *Jones* that the employees there did not oppose a discriminatory practice under the Human Rights Act. More importantly, we noted that, in *Jones,* the employees "did not allege that they were actual victims of discrimination or harassment." We held in *Jones* that the dismissed employees properly filed a Whistleblower cause of action and that the trial court erred in dismissing their suit. The County requests this court to review its decision in *Jones.* We feel that *Jones* was correctly decided, and we adhere to that holding.

■ The other cases cited by the County properly hold that employment discrimination cases must be timely filed with the Texas Commission on Human Rights. Lee's pleadings reflect more than an employment discrimination case. Lee specifically pleaded that he was discharged in retaliation because he reported, in good faith, "illegal conduct" committed by his supervisor. Lee's plead-

---

1. TEX. LAB. CODE ANN. § 21.055 (Vernon 1996).

ings alleged "illegal conduct" in addition to "racially discriminatory conduct." [2]

 Section 554.002 reads in part:

(a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

Lee properly pleaded a cause of action under the Whistleblower Act. That cause of action was not "subsumed" by the Commission on Human Rights Act. The issue of whether or not the pleadings fail to state a cause of action may not be resolved by summary judgment. *Massey v. Armco Steel Company*, 652 S.W.2d 932 (Tex.1983).

Lee did not "plead himself out of court." See *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974). Furthermore, Lee's written response, which the trial court improperly struck, clearly shows that Lee's complaint of illegal conduct extended beyond a personal claim of racial discrimination. We sustain Lee's fifth point of error; the trial court erred in holding that Lee's cause of action under the Whistleblower Act was "subsumed" by the Commission on Human Rights Act.

The judgment of the trial court is reversed, and the cause is remanded for trial.

---

**2.** See *Turner v. Richardson Independent School District*, 885 S.W.2d 553 (Tex.App.—Dallas 1994, writ den'd).