Karen **CLARK,** Lavern Worrell, and Jan Woodard, Petitioners,

v.

**TEXAS HOME HEALTH, INC., Respondent.**

No. 97–0454.

Supreme Court of Texas.

Argued Nov. 4, 1997.

Decided June 5, 1998.

Anthony P. Griffin, Betty Wong, Galveston, for Petitioner.

William R. McIlhany, Austin, Howard L. Close, Beaumont, for Respondent.

ENOCH, Justice, delivered the opinion for a unanimous Court.

We overrule the motion for rehearing. We withdraw our opinion of April 14, 1998, and substitute the following in its place.

We must decide two issues in this case: (1) whether an employer can avoid liability for retaliating against nurses who expressed an

intent to make a report under Texas Revised Civil Statutes article 4525a, section 11(a), simply by acting before the report was made; and (2) whether the 1992 version of Texas Revised Civil Statutes article 4525b, section 6 protected nurses serving on "peer review" committees for their review of a licensed vocational nurse.

Three nurses brought claims against their employer under both of these sections. The trial court granted summary judgment for the employer, and the court of appeals affirmed. *Clark v. Texas Home Health, Inc.,* 940 S.W.2d 835 (Tex.App.—Amarillo 1997). We affirm in part and reverse in part the judgment of the court of appeals, and we remand this cause for trial.

### Facts

According to the summary judgment record, in April 1992, Ursula Shaw, a licensed vocational nurse employed by Texas Home Health, caused a medication error that eventually resulted in a patient's death. Home Health terminated Shaw on May 1. At the time of the incident, Karen Clark, Lavern Worrell, and Jan Woodard ("the Nurses"), all registered nurses, were serving on the peer review committee ("the Committee") for Home Health. The Nurses met on June 18 to discuss the incident, and on June 23, Clark wrote to Shaw on behalf of the Committee to inform her that the Committee had a responsibility to report the matter to the Texas Board of Vocational Nurse Examiners. Shaw was given ten days to provide a rebuttal. Home Health's attorney advised Home Health not to report until Shaw had time to provide her rebuttal. Although Shaw did not comply within the ten-day period, the Committee had another meeting on July 17, with Shaw and her attorney present, at which Stephen Abshier[1] told Shaw that the Committee would take no action until it received Shaw's rebuttal. Sidney Dauphin, Home Health's chief executive officer, expressed concern over the potentially negative consequences for Home Health if it reported Shaw. Dauphin told the Nurses that he would personally guarantee their salaries for ten years if they lost their licenses for failing to report Shaw.

On July 29, the Committee met a third time. During this meeting, the Nurses told Home Health that they had decided to report the incident without any further delay. Without adjourning the meeting, Dauphin immediately removed the Nurses from the Committee and relieved them of their administrative duties. The Nurses then resigned.

The Nurses presented summary judgment evidence showing that they mailed a report to the Board on or about July 31, 1992, two days after they were demoted and resigned, although Home Health presented evidence that as late as March 13, 1993, the Board had not received the report. In any event, it is undisputed that Home Health's retaliation, if any, occurred before the Nurses sent in the report, but after the Nurses expressed their intent to make a report.

The Nurses sued Home Health, Abshier, Dauphin, and Charlene Dauphin[2] under the Nurse Practice Act. TEX.REV.CIV. STAT. art. 4525a, § 11(a) ("Section 11"). Section 11 allows a cause of action for a retaliatory employment decision taken because of an employee's report of a licensed health care practitioner under article 4525a. After Home Health filed a separate lawsuit against the Nurses alleging libel and slander based upon the Nurses' report of Shaw, the Nurses amended their complaint in this case to include a cause of action for damages and costs incurred as a result of participating in "peer review." TEX.REV.CIV. STAT. art. 4525b, § 6 ("Section 6").

■ The trial court granted summary judgment for all defendants on both the Section 6 and the Section 11 claims.[3] The court

---

1. In addition to Clark, Worrell, and Woodard, the Committee initially included Rae Horton, Phyllis Galatas, and Janice Moulder, all registered nurses. Home Health appointed Abshier, a Home Health vice president, to the Committee following the incident involving Shaw.

2. Charlene Dauphin was also a Home Health vice president.

3. The lawsuit against the individual defendants is not before this Court.

of appeals affirmed, concluding that the Nurses could not recover under Section 6 because the 1992 version of Section 6 did not include within its definition of "peer review" the evaluation of a licensed vocational nurse. 940 S.W.2d at 843. Thus, the court reasoned, the statute's protection from unwarranted civil actions did not apply to the Nurses' review of Shaw, a licensed vocational nurse. *Id.* The court of appeals further concluded that the Nurses could not recover under Section 11 because, as a matter of law, the Nurses could not "establish [that] they had filed with the Board a written report *prior to their demotion.*" 940 S.W.2d at 841 (emphasis added).

We agree with the court of appeals' analysis and holding that Section 6 provides no protection for the Nurses because Shaw, as a licensed vocational nurse, was not a proper subject of peer review. But we disagree with the court of appeals' conclusion that the Nurses are not protected by Section 11 solely because their signed, written report was not filed before the alleged retaliation by their employer. Consequently, we affirm in part and reverse in part the court of appeals' judgment.

### Retaliation Claim Under Section 11

■ Section 11 is clear and unambiguous; it provides a cause of action for retaliatory acts taken against a person reporting under article 4525a:

> No person shall suspend, terminate, or otherwise discipline or discriminate against a person reporting, without malice, under this article. A person has a cause of action against an individual, organization, agency, facility, or other person that suspends or terminates the employment of the person or otherwise disciplines or discriminates against the person for reporting under this article.

Tex.Rev.Civ. Stat. art. 4525a, § 11(a).

Home Health argues that the Nurses have no cause of action under Section 11 because it is undisputed that no report was filed with the Board before the Nurses' demotion and, therefore, they could not show that Home Health demoted them in retaliation for "reporting under the article." Home Health bases its argument on the definition of "report" found in article 4525a, section 7, the provision that applies to the permissive reporting of a licensed vocational nurse. Tex. Rev.Civ. Stat. art. 4525a, § 7 ("A registered nurse may file a signed, written report [with] the appropriate licensing board to report a licensed health care practitioner. . . ."). Section 11 does not require the result urged by Home Health.

Home Health correctly states that the proper way to initiate disciplinary proceedings against a person who violates the Nurse Practice Act is to file a signed, written report with the appropriate licensing board. *See id.* But Section 11 does not deal with initiating proceedings; it provides protection for someone who is the victim of retaliation in response to "reporting." Home Health's reading of Section 11 impermissibly limits protection only to those who have already actually reported under the article. Section 11 is not so narrowly written. The statute prohibits retaliation, not just against those persons who "had reported" under the article, but also against those "reporting" under the article.

The conduct alleged against Home Health is precisely the type of behavior prohibited by Section 11. Home Health knew that the Nurses intended to make a report under the article and immediately demoted them because of that intent. Sidney Dauphin and Charlene Dauphin both admit that Home Health initially directed the Nurses to delay reporting Shaw and that Home Health then demoted the Nurses after the Nurses insisted on reporting. Home Health cannot escape liability for its retaliatory act simply because it was able to demote the Nurses before they made their report. Section 11 protects reporters; this protection would be significantly diluted if employers were permitted to retaliate with impunity simply by acting before the employee files a report, thus interdicting the protection afforded to the employee by a report to the nursing board.

■ We emphasize that our ruling is governed by the narrow circumstances under which this case arose. The employee must

demonstrate a causal relationship between the retaliatory action and the reporting. *See* TEX.REV.CIV. STAT. art. 4525a, § 11(c). In this case, the summary judgment evidence shows that Home Health knew the Nurses intended to make an imminent report to the nursing board, that it demoted the Nurses because of their intended report, and that the Nurses filed their report shortly thereafter.

Home Health misplaces reliance on *City of Beaumont v. Bouillion,* 896 S.W.2d 143 (Tex. 1995). In *Bouillion,* we considered what constitutes a report to an appropriate law enforcement authority under the Texas Whistleblower Act. *Id.* at 144. We held that neither holding a press conference nor making a complaint to an employer was a "report" that implicated the protection afforded by the Whistleblower Act. *Id.* at 144–46. Here, the Nurses made a report to the proper authority: the Board of Vocational Nurse Examiners.

We do not suggest that informing an employer of a reportable incident is a "report." It is not. *See Bouillion,* 896 S.W.2d at 144–46. And in this case, the Nurses do not contend that their "report" was to Home Health; they assert only that they informed Home Health of their intent to make a report to the proper authority and that Home Health demoted them because of that intent. In essence, Home Health argues that a bright line should be drawn requiring an employee to go directly to the proper authority before the employee receives protection. But we should not discourage an employee from informing an employer that a nurse poses a potential threat to patients. Certainly, informing one's employer of a potential threat furthers the legislative intent behind the reporting requirements and the protection afforded by Section 11: ensuring a safe and monitored system of nursing care. Consequently, we cannot fault the Nurses for attempting to work with their employer before making the formal report. Their demotion was a retaliatory act that gives rise to a cause of action under Section 11.

In an effort to explain its actions, Home Health claims that it demoted the Nurses because they insisted upon reporting in their official capacities as administrators for Home Health instead of filing a report in their individual capacities. On the other hand, the Nurses claim that they told Home Health that they felt it was critical that a report be made soon and that they intended to report despite Home Health's disapproval, even if it meant reporting as individuals. Regardless, Home Health's explanation for the demotion is irrelevant. Section 11 specifically prohibits any adverse employment decision in response to "reporting." TEX.REV.CIV. STAT. art. 4525a, § 11(a) ("No person shall suspend, terminate, or otherwise *discipline or discriminate* against a person reporting, without malice, under this article.") (emphasis added).

Underlying Home Health's explanation is an apparent fear that it would not have been protected from retaliation by Shaw for a false report. This fear is unfounded. Section 10(a) of article 4525a of the Texas Revised Civil Statutes provides protection against civil liability and other retaliatory action for any "organization [or] agency ... that, without malice, makes a report required or permitted or reasonably believed to be required or permitted under this *article* or *chapter* . ..." TEX.REV.CIV. STAT. art. 4525a, § 10(a) (emphasis added). The Nurses, all registered nurses, were permitted to make a report under section 7 of article 4525a, and Home Health, an agency or organization, was protected for this permitted report under section 10(a) of article 4525a. TEX.REV.CIV. STAT. art. 4525a, § 7; *Id.* § 10(a).

We agree that the court of appeals correctly affirmed the trial court's summary judgment for Home Health on the Nurses' Section 6 claim. We conclude that the court of appeals erred in affirming the trial court's summary judgment for Home Health on the Nurses' Section 11 claim. An employer cannot avoid liability under Section 11 by demoting an employee knowing she intends to, but before she makes a report; the protection provided for those who make a report to the Board does not turn on which party can act faster. In order to obtain summary judgment, Home Health had to conclusively demonstrate that there was no causal relationship between the Nurses' expressed intent to report and their retaliatory action; Home

Health did not make this showing. Therefore, we affirm in part and reverse in part and remand for trial on the Section 11 claim.