**CITY OF WACO, Appellant,**

v.

**Robert LOPEZ, Appellee.**

No. 10–04–00085–CV.

Court of Appeals of Texas, Waco.

Dec. 14, 2005.

Enid A. Wade, Naman, Howell, Smith & Lee, Waco, for appellant.

R. John Cullar, Mills & Cullar, Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Robert Lopez filed a whistleblower suit against the City of Waco alleging that the City terminated his employment because he reported a violation by his supervisor of the City's Equal Employment Opportunity ("EEO") Policy. The City brings this interlocutory appeal from an order denying its plea to the jurisdiction. The City contends in four issues that: (1) the Commission on Human Rights Act ("CHRA") provides the exclusive remedy for Lopez's claims; (2) the City's EEO Policy is not a "law" within the meaning of the Whistleblower Act; (3) Lopez did not report a violation of law in good faith; and (4) Lopez did not report the alleged violation of law to an appropriate law enforcement authority. We will affirm.

### Background

Lopez alleges in his petition that his employment with the City was improperly terminated because he filed an administrative complaint with the City's EEO Officer alleging that his supervisor had discriminated against him on the basis of race and age in violation of the City's EEO Policy. The City disputes this allegation and contends that Lopez's employment was terminated instead because he drove a city vehicle to an out-of-town meeting without advance authorization in violation of city policy.

The City filed a plea to the jurisdiction contending that Lopez had failed to allege

a claim for which the City's governmental immunity has been waived because: (1) the CHRA provides the exclusive remedy for the allegations of Lopez's petition; (2) Lopez's report of a violation of the City's EEO Policy does not constitute a good faith report of a violation of a law under the Whistleblower Act; and (3) Lopez did not report this alleged violation in good faith to an appropriate law enforcement authority.

## Standard of Review

■ A plea to the jurisdiction often focuses on only the allegations of the plaintiff's petition. "However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Tex. Dep' t of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex.2004).

■ When we consider evidence in this context, "we take as true all evidence favorable to the nonmovant [*i.e.*, the plaintiff]. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* at 228 (citation omitted).

## Exclusive Remedy

The City contends in its first issue that the CHRA provides the exclusive remedy for Lopez's claims. The City places primary reliance on the Austin Court's decision in *Stinnett v. Williamson County Sheriff's Department* to support this contention. 858 S.W.2d 573 (Tex.App.-Austin 1993, writ denied). Lopez responds that *Stinnett* is distinguishable because he does not allege that the City committed a violation of the CHRA or retaliated against him for reporting a violation of the CHRA.

In *Stinnett*, a deputy filed a complaint with the Texas Commission on Human Rights (the "Commission") alleging that the sheriff's department had discriminated against him on the basis of age. The department terminated Stinnett's employment after he filed this complaint. Stinnett filed a whistleblower suit alleging that his employment was terminated because he reported a violation of the CHRA. *See id.* at 574–75.

The department argued that Stinnett's exclusive remedy was under the CHRA and that his suit should be dismissed because he had not exhausted his administrative remedies with the Commission. The Austin Court agreed, citing several bases for its decision. *Id.* at 576–77.

First, the court noted the accepted rule of statutory construction that "a specific statute will control over a statute of more general application." *Id.* at 576; *see also* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 2005). The court observed that both the CHRA and the Whistleblower Act provide remedies for the retaliatory firing of employees. *See Stinnett*, 858 S.W.2d at 576; *see also* TEX. GOV'T CODE ANN. § 554.002(a) (Vernon 2004); TEX. LAB.CODE ANN. § 21.055 (Vernon 1996). Section 21.055 of the CHRA prohibits an employer from retaliating against an employee who files a complaint "under this chapter." TEX. LAB. CODE ANN. § 21.055. Conversely, section 554.002(a) of the Whistleblower Act prohibits a government entity from retaliating against a public employee who reports a violation of any "law," as that term is defined by the Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002(a).

As the parties argued in *Stinnett*, the CHRA is specifically limited to cases in which discrimination under the CHRA is alleged while the Whistleblower Act is specifically limited to retaliation against public employees. *See Stinnett*, 858 S.W.2d at 576. The Court held that, because Stin-

nett alleged that he had been retaliated against only for reporting a violation of the CHRA, the anti-retaliation statute in the CHRA was the more specific statute and controlled over the more general Whistleblower Act. *Id.* ("We conclude that *on the immediate facts,* the Human Rights Act is the more specific statute and that its terms should control.") (emphasis added).

Here, Lopez has not alleged a violation of or filed a complaint under the CHRA. Thus, it appears that his case is distinguishable from *Stinnett. See Jones v. City of Stephenville,* 896 S.W.2d 574, 576 (Tex. App.-Eastland 1995, no pet.).

The City also correctly observes that a majority of this Court has cited *Stinnett* and decisions relying on *Stinnett* for the proposition that "the legislature intended for the CHRA to be the exclusive forum for the resolution of an employee's discrimination claim." *Vela v. Waco Indep. Sch. Dist.,* 69 S.W.3d 695, 700 (Tex.App.-Waco 2002, pet. withdrawn).[1] However, *Vela* (like *Stinnett*) is distinguishable from Lopez's case because the plaintiff in *Vela* was actively pursuing a claim under the CHRA. *See id.* at 697.

The court in *Stinnett* also observed that its holding was consistent with: (1) federal anti-discrimination law because the Age Discrimination in Employment Act ("ADEA") has been found to be the exclusive remedy for age discrimination in federal court; *see Stinnett,* 858 S.W.2d at 576 (citing *Paterson v. Weinberger,* 644 F.2d 521, 524–25 (5th Cir.1981)); and (2) the "underlying policy of Title VII [of the Civil Rights Act of 1964] to use administrative procedures to promote conciliation and persuasion rather than litigation." *Id.* at 577 (citing *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 487 (Tex.1991)).

Unlike the ADEA however, the CHRA has an election of remedies provision which expressly recognizes that the facts which support a claim under the CHRA may also support a claim under some "other law or an order or ordinance of a political subdivision." *See* TEX. LAB. CODE ANN. § 21.211 (Vernon 1996).[2] Section 21.211 prohibits a claimant who has a pending suit or administrative proceeding under another law, order, or ordinance from pursuing a claim under the CHRA for the same complaint. *Id.* Thus, it has been recognized that there may be a set of facts for which claims may be asserted under both the CHRA and the Whistleblower Act. *See Perez v. Living Centers–Devcon, Inc.,* 963 S.W.2d 870, 874–75 (Tex. App.-San Antonio 1998, pet. denied); *Turner v. Richardson Indep. Sch. Dist.,* 885 S.W.2d 553, 562 (Tex.App.-Dallas 1994, writ denied); *see also Vela,* 69 S.W.3d at 704 (Gray, J., dissenting); *cf. Hoffmann–La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 445–50 (Tex.2004) (plaintiff cannot pursue claim for intentional infliction of emotional distress where the CHRA provides a remedy for the same facts which serve as the basis for the intentional-infliction claim).

---

1. In *Purdin v. Copperas Cove Economic Development Corp.,* it was stated that this Court's opinion in *Vela* "has been withdrawn." 143 S.W.3d 290, 295 n. 4 (Tex.App.-Waco 2004, pet. dism'd). However, only the appellee's petition for review was withdrawn in *Vela.* This Court expressly denied the parties' joint motion to withdraw the opinion.

2. Section 21.211 provides:

A person who has initiated an action in a court of competent jurisdiction or who has an action pending before an administrative agency under other law or an order or ordinance of a political subdivision of this state based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance.

TEX. LAB.CODE ANN. § 21.211 (Vernon 1996).

Applying *Stinnett* to the facts of Lopez's case would render section 21.211 meaningless.[3] We are not to construe statutes in this manner. *See Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000); *City of Houston v. Todd*, 41 S.W.3d 289, 298 (Tex.App.-Houston [1st Dist.] 2001, pet. denied); *see also* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005) (under the Code Construction Act, "it is presumed that … the entire statute is intended to be effective").

Allowing Lopez to continue with his suit under the Whistleblower Act will not serve the "underlying policy of Title VII to use administrative procedures to promote conciliation and persuasion rather than litigation." *See Stinnett*, 858 S.W.2d at 577. However, because Lopez is not pursuing a claim under the CHRA, this is not a consideration.

Therefore, because Lopez does not allege that the City committed a violation of the CHRA or retaliated against him for reporting a violation of the CHRA, we hold that the CHRA does not provide the exclusive remedy for his claim. *See Lee v. Palo Pinto County*, 966 S.W.2d 83, 86–87 (Tex. App.-Eastland), *pet. denied per curiam*, 988 S.W.2d 739 (Tex.1998); *Jones*, 896 S.W.2d at 576–77; *see also Turner*, 885 S.W.2d at 561–62. Accordingly, we overrule the City's first issue.

## The City's EEO Policy

■ The City contends in its second issue that the City's EEO Policy is not a "law" within the meaning of the Whistleblower Act but rather an internal policy or, at most, a law which was not enacted for the public good or society in general. Lopez responds that the City's EEO Policy is a rule adopted under a statute, which satisfies the requirements of the Whistleblower Act.

■ The Whistleblower Act is remedial in nature. *See Roberts v. Titus County Mem' l Hosp.*, 159 S.W.3d 764, 769 (Tex. App.-Texarkana 2005, pet. denied); *Llanes v. Corpus Christi Indep. Sch. Dist.*, 64 S.W.3d 638, 641 (Tex.App.-Corpus Christi 2001, pet. denied). Therefore, we must interpret its provisions liberally to effectuate its remedial purposes. *See R.R. Street & Co. v. Pilgrim Enters., Inc.*, 166 S.W.3d 232, 238 (Tex.2005); *Roberts*, 159 S.W.3d at 769; *Llanes*, 64 S.W.3d at 641.

The Whistleblower Act defines a "law" as: "(A) a state or federal statute; (B) an ordinance of a local governmental entity; or (C) a rule adopted under a statute or ordinance." TEX. GOV'T CODE ANN. § 554.001(1) (Vernon 2004).

Some courts have concluded that the type of "law" contemplated by the Whistleblower Act is one which relates to "the public good or society in general." *See Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 440 (Tex.App.-Austin 2002, pet. denied); *City of Cockrell Hill v. Johnson*, 48 S.W.3d 887, 896 (Tex.App.-Fort Worth 2001, pet. denied); *Tex. Dep' t of Criminal Justice v. Terrell*, 925 S.W.2d 44, 60 (Tex.App.-Tyler 1995, no writ); *Stinnett*, 858 S.W.2d at 575.

However, this Court has rejected this interpretation because it is not consistent with the plain language of the definition provided in the Whistleblower Act. *See City of Fort Worth v. Johnson*, 105 S.W.3d

---

3. The Austin Court considered Stinnett's contention that this provision excused him from exhausting his administrative remedies under the CHRA by filing suit under the Whistleblower Act. *See Stinnett v. Williamson County Sheriff's Dep't*, 858 S.W.2d 573, 576 (Tex.

App.-Austin 1993, writ denied). The court rejected this contention because the exhaustion of remedies is a jurisdictional prerequisite to a suit alleging a violation of the CHRA. *Id.* We note again, however, that Lopez's suit does not allege a violation of the CHRA.

154, 160–61 (Tex.App.-Waco 2003, no pet.); *accord Scott v. Godwin*, 147 S.W.3d 609, 622 (Tex.App.-Corpus Christi 2004, no pet.); *see also Jones*, 896 S.W.2d at 575–76 (city employees alleged unlawful retaliation under Whistleblower Act because they reported violation of city harassment policy).

The City cites three decisions in support of its contention that the City's EEO Policy is an "internal policy" which is not a "law" under the Whistleblower Act's definition. *Harris County Precinct Four Constable Dep't v. Grabowski*, 922 S.W.2d 954 (Tex.1996) (per curiam); *City of Houston v. Kallina*, 97 S.W.3d 170 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Ruiz v. City of San Antonio*, 966 S.W.2d 128 (Tex.App.-Austin 1998, no pet.).

We agree with the City that each of these cases stands for the proposition that an internal department policy is not a "law" under the Whistleblower Act. *See Grabowski*, 922 S.W.2d at 956; *Kallina*, 97 S.W.3d at 175; *Ruiz*, 966 S.W.2d at 130. As the courts in *Kallina* and *Ruiz* observed however, there was nothing in the records of those cases to indicate that the policies under consideration had been adopted under a statute or ordinance. *See Kallina*, 97 S.W.3d at 175 ("Neither was adopted by the Houston City Council. It is quite clear that these manuals (and the hundreds of pages they contain) reflect internal policies rather than rules promulgated pursuant to an ordinance."); *Ruiz*, 966 S.W.2d at 130 n. 5 ("Nothing in the record indicates the Department promulgated its internal policies pursuant to statute or ordinance.").

Here, Lopez presented evidence that the EEO Policy was formally adopted by the Waco City Council in a resolution. Lopez observes that the City is authorized by section 51.001 of the Local Government Code to adopt a rule which "is for the good

government, peace, or order of the municipality." Tex. Loc. Gov't Code Ann. § 51.001(1) (Vernon 1999). Liberally construing the definition of a "law" provided by the Whistleblower Act to effectuate the remedial purposes of the Act, we hold that the City's EEO Policy is a "law" for purposes of the Act because it is "a rule adopted under a statute or ordinance." *See* Tex. Gov't Code Ann. § 554.001(1); *Scott*, 147 S.W.3d at 622.

Accordingly, we overrule the City's second issue.

### Good Faith Report

The City contends in its third issue that Lopez did not report a violation of the law in good faith because he "did not believe that the conduct he was reporting violated a law. Rather, his report and belief was that a city employee had violated an internal City of Waco EEO Policy."

The City's third issue depends on a favorable finding on its assertion that the City's EEO Policy is not a "law" under the Whistleblower Act. We rejected this assertion in ruling on the City's second issue. Thus, we overrule the City's third issue.

### Appropriate Law Enforcement Authority

■ The City contends that Lopez did not report the EEO Policy violation to an appropriate law enforcement authority under the Whistleblower Act because the City's EEO Officer has no authority to regulate under or enforce "the applicable discrimination laws." Rather, the City contends that such authority remains with the Commission.

The Whistleblower Act prohibits retaliation against "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov' t Code

ANN. § 554.002(a) (Vernon 2004). "[A] report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

(1) regulate under or enforce the law alleged to be violated in the report; or

(2) investigate or prosecute a violation of criminal law."

*Id.* § 554.002(b) (Vernon 2004).

Under section 554.002, an employee must have a good faith belief that a law has been violated and must have "in good faith believed the governmental entity to which he reported a violation of law was an appropriate law enforcement authority." *See Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 320–21 (Tex.2002). An employee believed in good faith that he had reported a violation to an appropriate law enforcement authority if:

(1) the employee believed the governmental entity was authorized to (a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or prosecute a violation of criminal law; and

(2) the employee's belief was reasonable in light of the employee's training and experience.

*Id.* at 321.

"[T]he particular law the public employee reported violated is critical to the determination" of which governmental entity is the "appropriate law enforcement authority." *Id.* at 320.

Here, the "law" in question is the City's EEO Policy. That policy requires a city employee to first present an informal, oral complaint to his immediate supervisor. If satisfactory results are not obtained, the employee should then "file a formal written complaint" alleging a violation of the policy which must be "addressed to the EEO Officer."

Under the EEO Policy, "[t]he EEO Officer has the responsibility to monitor, report, and recommend procedures to insure EEO compliance with federal, state, and local laws, rules and regulations." Thus, the EEO Officer appears authorized to "regulate under" the EEO Policy. *See* TEX. GOV'T CODE ANN. § 554.002(b)(1).

There is nothing in the record to indicate that Lopez made an informal, oral complaint with his immediate supervisor (who appears to be the person against whom Lopez made the EEO complaint). However, Lopez provided evidence that members of his particular city department were advised by his supervisor that discrimination complaints under the City's EEO Policy "could be filed with the City's EEO Officer." Lopez also provided evidence that he had attended a mandatory meeting for all city employees regarding the EEO Policy at which employees were advised that violations of the EEO Policy "should be put in a complaint form and filed with the EEO Officer."

Indulging all reasonable inferences in Lopez's favor, we conclude that he presented some evidence that he in good faith believed that the EEO Officer was an appropriate law enforcement authority. *See Rogers v. City of Fort Worth,* 89 S.W.3d 265, 284–85 (Tex.App.-Fort Worth 2002, no pet.) (city marshal appropriate law enforcement authority); *Robertson County v. Wymola,* 17 S.W.3d 334, 341 & n. 10 (Tex. App.-Austin 2000, pet. denied) (administrator in sheriff's department appropriate law enforcement authority); *cf. Needham,* 82 S.W.3d at 321 ("we hold that there is *no evidence* to support a finding that Needham had a good faith belief that TxDOT was an appropriate law enforcement authority") (emphasis added). Accordingly, we overrule the City's fourth issue.

We affirm the judgment.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Lopez sued the City of Waco alleging a violation of the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. §§ 554.001–554.010 (Vernon 2004). The trial court denied the City's plea to the jurisdiction. The City appeals. We should reverse. Because the majority does not do so, I dissent.

The Whistleblower Act provides, "A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a). In the City's fourth issue, it contends that Lopez's report of a violation of the City's Equal Employment Opportunity ("EEO") policy to the City's EEO officer did not constitute a report to an appropriate law enforcement authority within the terms of the Act. Lopez argues that the EEO officer was the appropriate law enforcement authority, and if that was not so, that Lopez reasonably believed that it was so. We should sustain the City's fourth issue.

The Whistleblower Act defines "appropriate law enforcement authority" as:

part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

(1) regulate under or enforce the law alleged to be violated in the report; or

(2) investigate or prosecute a violation of criminal law.

TEX. GOV'T CODE ANN. § 554.002(b). The Texas Supreme Court has held:

[I]n the context of section 554.002(b), "good faith" means:

(1) the employee believed the governmental entity was authorized to (a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or prosecute a violation of criminal law; and

(2) the employee's belief was reasonable in light of the employee's training and experience.

*Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex.2002). "The test's second element ensures that, even if the reporting employee honestly believed that the reported act was a violation of law, the reporting employee only receives Whistleblower Act protection if a reasonably prudent employee in similar circumstances would have believed that the facts as reported were a violation of law." *Id.* The court applied this same test to the analysis of whether the report was made to an appropriate law enforcement authority. *Id.* As a matter of law, however, "the statutory definition's limiting language—regulate under, enforce, investigate, and prosecute—does not include an employer's power to internally discipline its own employees for an alleged violation." *Id.* at 321; *accord Clark v. Tex. Home Health, Inc.*, 971 S.W.2d 435, 438 (Tex.1998); *see City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144–46 (Tex.1995). In *Needham*, the Supreme Court held that there was no evidence that would support an objective belief that a report for internal discipline by the employer would support a determination that the employee in good faith believed that the employer was an appropriate law enforcement authority. *Needham* at 320–21. Accordingly, an employee's belief in his or her employer's power to discipline employees does not render the employer an "appropriate law enforcement authority." *Id.*

Lopez points to evidence that he believed that another City employee had violated the EEO policy, that Lopez had received training from the City on filing complaints of such violations with the EEO officer, and that Lopez had filed such a complaint with that officer. Under *Needham*, Lopez's complaint does not constitute a report to a person or entity that Lopez could in good faith believe to be an appropriate law enforcement authority.[1] *Needham*, 82 S.W.3d at 320–21. Accordingly, we should sustain the City's fourth issue.

We should, having sustained the City's fourth issue, reverse the trial court's order denying the City's plea to the jurisdiction, and render judgment for the City. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 648 (Tex.2004).

1. I note that Lopez plainly had an opportunity to pursue the claimed EEO violation directly, but chose instead to wait and pursue a claim for retaliation. But we need not decide the City's first issue, whether bringing his claim as a retaliation claim rather than a claim under the Texas Commission on Human Rights Act is proper. *See* TEX. LAB.CODE ANN. §§ 21.001–21.556 (Vernon 1996 & Supp. 2005). The majority opinion notes the conflict among the courts of appeals on this issue. Thus it appears to be an issue ripe for resolution of the conflict by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.001(a)(2) (Vernon 2004).