**Affirmed and Memorandum Opinion filed June 16, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01145-CV

---

### KATRINA HUDSON, Appellant

### V.

### SENIOR LIVING PROPERTIES, LLC, Appellee

---

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 71927**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Katrina Hudson, appeals the trial court's order granting summary judgment on her suit for retaliation against appellee, Senior Living Properties, LLC ("Senior Living"). We affirm.

### I. BACKGROUND

Hudson sued Senior Living claiming that it terminated her employment in retaliation for Hudson's reporting of conduct she reasonably believed to be required under the Texas Nurse Practices Act ("Act"). *See* Tex. Occ. Code Ann. §

301.413 (West, Westlaw through 2015 R.S.). Senior Living filed a traditional motion for summary judgment contending the Act did not apply to Hudson's claims, and it had a legitimate and lawful reason to terminate her employment.

Upon receipt of the motion, Hudson requested dates for the depositions of five Senior Living employees, including the nurse about whom Hudson made her complaint, the administrator, the director of nursing and the business office manager. Senior Living did not respond to Hudson's request. Hudson then noticed those individuals for deposition. Senior Living moved to quash the deposition notices. Hudson filed a motion to continue the hearing on the motion for summary judgment and to set aside the motion to quash, explaining she needed additional discovery. The record does not contain a notice of hearing for her motion to continue and to set aside the motion to quash. Hudson's motion also recited facts which appear to be responsive to Senior Living's traditional motion for summary judgment.

The record does not reflect when Senior Living set for hearing its motion for summary judgment.[1] The trial court granted the motion for summary judgment on November 27, 2013 "in all respects." There is no formal order denying Hudson's motion to continue and to set aside the motion to quash. However, by letter dated November 27, 2013, the trial court explained that it denied the motion to continue because it was not verified and did not "set out exactly what information the Plaintiff needs from the proposed deponents." The letter also explained the basis for the trial court's grant of Senior Living's motion for summary judgment; specifically, that Hudson had proffered no competent summary-judgment evidence that she reported her intent to file a report to her employer.

---

[1] Hudson does not complain about notice of hearing of the motion for summary judgment.

## II. ANALYSIS

In two issues, appellant contends the trial court erred by denying her motion for continuance and granting the motion for summary judgment.

### A.   Motion for Continuance

In her second issue, Hudson asserts that the trial court abused its discretion by denying her motion for continuance. We review a trial court's ruling on a motion for continuance for abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). A motion for continuance seeking additional time to secure discovery for purposes of a summary-judgment hearing must satisfy the requirements of Texas Rules of Civil Procedure 166a(g) and 252. *See* Tex. R. Civ. P. 166a(g) and 252; *Kahanek v. Rogers*, 900 S.W.2d 131, 133 (Tex. App.— San Antonio 1995, no writ).

We conclude the trial court did not abuse its discretion by denying Hudson's motion for continuance. The motion did not describe the reasons why the deposition testimony was sought or why it would be material. *See* Tex. R. Civ. P. 252. The motion did not explain that Hudson had used diligence in attempting to secure the discovery prior to filing her motion. *See* Tex. R. Civ. P. 252; *Hart v. Comstock*, No. 14-09-00657, 2010 WL 2901733, at *2 (Tex. App.—Houston [14th Dist.] July 27, 2010, no pet.) (mem. op.) (citing *State v. Wood Oil Distrib.*, 751 S.W.2d 863, 865 (Tex. 1988)). Finally, the affidavit attached to the motion was directed only to the documents attached to the motion.[2] There was no verification

---

[2]   The affidavit read as follows: "On this the 25th day of October, 2013, came on before the undersigned authority the affiant, Anthony P. Griffin, who stated under oath he is over the age of eighteen, capable of making this affidavit, and that this affidavit is given freely and voluntarily. Affiant also affirms the attachments herein are true and correct copies of documents exchanged in the discovery process, and/or a true and correct copy of the depositions provided by the court report. Affiant makes this affidavit with full recognition of the pains and penalties of perjury. Affiant so affirms."

regarding personal knowledge or truth of the facts outlined in the motion for continuance as required by Rule 252. *See* Tex. R. Civ. P. 252; *see also Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam) (holding affidavit is insufficient if not based on personal knowledge). We overrule Hudson's second issue.

## B.      Motion for Summary Judgment

In her first issue, Hudson contends the trial court erred by granting Senior Living's motion for summary judgment because she made a report and, prior to termination, she reported her intent to report and was, therefore, protected by the Act from retaliation or discipline.

A party moving for traditional summary judgment has the burden of establishing that there is no material issue of fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *M.D. Anderson Hosp. and Tumor Institute v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a summary judgment, we must take as true all of the evidence favorable to the non-movant and indulge all reasonable inferences and resolve any doubts in favor of the nonmovant. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We review a summary judgment *de novo*. *Id*.

It is undisputed that Hudson became employed by Senior Living as a licensed vocational nurse in November 2009 and that Senior Living terminated her employment in January 2013. There is also no dispute that Hudson made a report to the nursing board in January 2013, after her termination.

In its motion for summary judgment, Senior Living argued: (1) because Hudson did not make a written report until after her termination, the Act did not apply; and (1) Senior Living's termination was legitimate and lawful.

4

The Act provides:

(b)  A person may not suspend, terminate, or otherwise discipline, discriminate against, or retaliate against a person who:

> (1)  reports in good faith under this subchapter . . . .

. . .

(e)  A person who brings an action under this section has the burden of proof.  It is a rebuttable presumption that the person was suspended, terminated, or otherwise disciplined . . . for reporting under this subchapter . . . if:

> (1)  the person was suspended, terminated, or otherwise disciplined . . . within 60 days after the date of the report . . . .

. . .

(h)  Relief may be granted in a lawsuit brought under Subsection (g) for an alleged violation of Subsection (b)(1) based on a report made by a nurse under Section 301.4025(b)[3] only if the nurse:

> (1)  made the report:
>
>> (A)  in writing, which may be provided electronically; or
>>
>> (B)  verbally, if authorized by the nurse's employer or another entity at which the nurse is authorized to practice;
>
> (2)  made the report to:
>
>> (A)  the nurse's supervisor;
>>
>> . . .
>
> (3)  made the report not later than:
>
>> (A)  the fifth day after the nurse became aware of the situation if the situation involves a single incident . . . .

*See* Tex. Occ. Code § 301.413(b)(1), (h)(A), (B), (2)(A), (3)(A).

---

[3]  Texas Occupations Code Section 301.4025 provides "(a) In a written, signed report to the appropriate licensing board or accrediting body, a nurse may report a licensed health care practitioner, agency, or facility that the nurse has reasonable cause to believe has exposed a patient to substantial risk of harm . . . ."  Section 301.4025 further provides "(b) A nurse may report to the nurse's employer . . . any situation that the nurse has reasonable cause to believe exposes a patient to substantial risk of harm. . . ."  Tex. Occ. Code Ann. § 301.4025(a), (b) (West, Westlaw through 2015 R.S.).

The first issue is dispositive. Senior Living attached Hudson's petition and excerpts from Hudson's deposition to its motion. Senior Living stated that certain facts in Hudson's petition were judicial admissions; namely, she did not file a report until after she was terminated by Senior Living and, therefore, she did not fall under the statutory protection.

In her response, Hudson contended that the statute also protected those who reported to their employer that they intended to report to the Nursing Board, citing *Clark v. Texas Home Health, Inc.*, 971 S.W.2d 435, 437 (Tex. 1998). The *Clark* court construed Texas Revised Civil Statutes article 4525a, Section 11(a), the predecessor to Section 301.413, and held that a nurse's statement to her employer that she intended to make a report, coupled with a causal relationship between the retaliation and the reporting, is actionable conduct. However, Hudson's response did not contain any evidence that she reported to her employer that she intended to make a report to the Nursing Board.

Hudson attached a portion of her deposition which established that she called the compliance "hot line" for Senior Living, an internal mechanism where a report or concern can be reported. There is no evidence of what was communicated to the "hot line." *See Clark*, 971 S.W.2d at 438 (concluding that informing one's employer of a reportable incident is not a "report") (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144–146 (Tex. 1995)).

Hudson's response also included factual statements similar to those in her petition. She verified her response, stating she had "read the response to motion for summary judgment and affirms the facts asserted therein are true and correct." Hudson did not file a separate affidavit identifying prior reports or describing her intent to report to the nursing board the January 2013 incident prior to her termination. Thus, her affidavit was similar to a verified responsive pleading,

6

which is not competent summary-judgment evidence to defeat a motion for summary judgment. *See* Tex. R. Civ. P. 166a(f); *American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (citing *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex. App.—Houston [14th Dist.] 1988, no writ)) (holding that pleadings and responses, even if verified, are not competent summary-judgment evidence); *Kabbani v. Papadopolous*, No. 01-07-00191-CV, 2009 WL 469546, at *7 (Tex. App.—Houston [1st Dist.] Feb. 26, 2009, no writ) (mem. op.) (concluding that document in the form of an affidavit which merely verified facts in the response is not summary-judgment evidence).

Accordingly, the trial court did not err by granting Senior Living's motion for summary judgment. We overrule Hudson's first issue.

We affirm the judgment of the trial court.


/s/     John Donovan
        Justice


Panel consists of Justices Christopher, Donovan, and Wise.